# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs January 22, 2015

## STATE OF TENNESSEE v. MARCUS RAY MILLARD

**Appeal from the Criminal Court for Hamilton County**
**No. 282578      Barry A. Steeleman, Judge**

_____

**No. E2014-01492-CCA-R3-CD - Filed April 2, 2015**

_____

The defendant, Marcus Ray Millard, appeals from the revocation of his probation. Discerning no error, we affirm.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the Court, in which D. KELLY THOMAS, JR., and ROBERT H. MONTGOMERY, JR., JJ., joined.

Blake F. Murchison, Assistant District Public Defender, for the appellant, Marcus Ray Millard.

Herbert H. Slatery III, Attorney General and Reporter; Tracy L. Alcock, Assistant Attorney General; William H. Cox, District Attorney General; and Lance Pope, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

Originally charged in 2012 with burglary, vandalism, and theft, the defendant pleaded guilty on March 4, 2013, to theft and vandalism. The trial court placed the defendant on judicial diversion for a term of two years. On April 25, 2013, the State filed a motion to set aside the judicial diversion placement because the defendant had been arrested on new charges of vandalism and theft. The trial court thereafter set aside the judicial diversion placement and reduced the guilty pleas into judgments of conviction and ordered the two-year sentence into execution. At some point, the defendant was released from the department of correction on determinate release. _See_ T.C.A. § 40-35-501(a)(3) (2006) ("Notwithstanding any other provision of law, inmates with felony sentences of two (2) years or less shall have the remainder of their original sentence suspended upon reaching their

release eligibility date."). On February 20, 2014, a probation violation warrant issued alleging that the defendant had violated the terms of his release by being arrested for driving under the influence ("DUI"), possession of a controlled substance, possession of drug paraphernalia, and violating the open container law and by failing to report the new arrest to his probation officer.

At the June 23, 2014 revocation hearing, the defendant stipulated that he had violated the terms of his probation by committing the offense of DUI. He further stipulated the truth of the contents of the probation violation report.

When called to testify, the defendant admitted that he had violated the terms of his probation but asked that the trial court not order him to serve his sentence in confinement. He stated that he had suffered a stroke and undergone open-heart surgery in 2008 and that as a result of his medical issues, he had lost his wife and children. He said that he was released from prison "right before Christmas" 2013 and that he was arrested and charged with DUI on January 4, 2014. The defendant claimed that, should the court return him to probation, he could live with his mother and stepfather in Cleveland. He agreed that he would benefit from treatment for alcohol and drug addiction.

During cross-examination, the defendant acknowledged that his stroke and heart surgery occurred three years before the conviction offenses in this case, five years before the first revocation in this case, and nearly six years before his arrest and guilty plea that led to the probation revocation warrant at issue. He admitted that he had not even reported as scheduled for the first time following his release before beginning to consume alcohol and drugs.

The trial court revoked the defendant's probation and ordered that he serve the balance of his sentence in confinement, observing that the defendant's "track record is not very good."

In this appeal, the defendant claims that the trial court erred by ordering him to serve the balance of his sentence in confinement given his medical condition.

The accepted appellate standard of review of a probation revocation is abuse of discretion. *See State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001); *see also State v. Reams*, 265 S.W.3d 423, 430 (Tenn. Crim. App. 2007). Generally, "[a] trial court abuses its discretion when it applies incorrect legal standards, reaches an illogical conclusion, bases its ruling on a clearly erroneous assessment of the proof, or applies reasoning that causes an injustice to the complaining party." *State v. Phelps*, 329 S.W.3d 436, 443 (Tenn. 2010). The 1989 Sentencing Act expresses a burden of proof for revocation cases: "If the trial judge

finds that the defendant has violated the conditions of probation and suspension by a preponderance of the evidence, the trial judge shall have the right by order duly entered upon the minutes of the court to revoke the probation and suspension of sentence. . . ." T.C.A. § 40-35-311(e)(1).

Upon a finding by a preponderance of the evidence that the defendant has violated the conditions of probation, the trial court may revoke the defendant's probation and "[c]ause the defendant to commence the execution of the judgment as originally entered, or otherwise in accordance with § 40-35-310." *Id.*; *see also Stamps v. State*, 614 S.W.2d 71, 73 (Tenn. Crim. App. 1980). Following a revocation, "the original judgment so rendered by the trial judge shall be in full force and effect from the date of the revocation of such suspension." *Id.* § 40-35-310.

The evidence adduced at the revocation hearing established an adequate basis for the revocation of the defendant's probation, and the defendant concedes as much on appeal. Indeed, as the trial court observed, "[h]is track record is not good." The defendant violated the terms of his judicial diversion placement within a month and then violated the terms of his determinate release probation in a matter of days. The law is well settled that the trial court does not abuse its discretion by choosing incarceration from among the options available after finding that a defendant has violated the terms of his probation.

Accordingly, the judgment of the trial court is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE